UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN PECK,

       Plaintiff,                       Civil Case No.
                                                   12-CV-14024

vs.

                                                   HON. MARK A. GOLDSMITH

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

## ORDER CANCELLING UPCOMING HEARING AND GRANTING MOTION TO SET ASIDE DEFAULT (DKT. 15)

On October 31, 2012, Defendant State of Michigan filed a motion (Dkt. 15) to set aside a clerk's entry of default. On November 1, 2012, the Court issued a notice of hearing setting the matter for oral argument; the hearing is currently scheduled for December 6, 2012. Plaintiff has neither filed a response nor requested an extension of time in which to do so, and the response deadline expired on November 14, 2012 pursuant to E.D. Mich. LR 7.1(e)(2)(B). Accordingly, the Court will dispense with oral argument and, having reviewed the motion papers before it, will grant the motion.

Defendant contends that the Court must set aside the entry of default because Defendant was never properly served with the summons and complaint. Def. State of Mich. Br. at 1 (Dkt. 15). Defendant contends that under Federal Rule of Civil Procedure 4(j)(2)[1] and Michigan Court

---

[1] Federal Rule of Civil Procedure 4(j)(2) provides:

    State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

1

Rule 2.105(G),[2] the Governor was the proper party to be served. Id. at 1-3. Defendant argues that because the summons and complaint were mailed to an address belonging to the Department of Attorney General, at which the Governor does not maintain an office, service was not proper.[3] Id. at 2. Defendant also contends that, even if service were proper, the entry of default should be set aside because good cause to do so has been shown, based on the applicable three-part equitable factor test: "(1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." Id. at 4 (citing Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006)). Defendant argues that the default was not caused by purposeful delay or other culpable conduct on its part, that it has the meritorious defense of sovereign immunity, and that there is no evidence Plaintiff would be prejudiced; therefore, it contends the entry of default should be set aside. Id. at 5-8.

---

    (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

    (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

[2] MCR 2.105(G) provides, in pertinent part:

(G) Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:
. . .
(8) the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute.

The service of process may be made on an officer having substantially the same duties as those named or described above.

[3] The summons and complaint were addressed to "State of Michigan, 3030 W. Grand Boulevard, Ste. 10-200, Detroit, MI, 48202." Certificate of Service (Dkt. 6).

"If service of process was not proper, the court must set aside an entry of default." O.J. Distributing, Inc v. Hornell Brewing Co., Inc., 340 F.3d 345, 353-355 (6th Cir. 2003). The Court concludes that proper service of process upon Defendant requires serving the summons and complaint upon the Office of the Governor, because the Governor is the person most clearly in the position of "chief executive officer" or "the president [or] chairperson" of the State of Michigan. See Fed. R. Civ. P. 4(j)(2); MCR 2.105(G). Therefore, service was not proper, and the entry of default must be set aside. Alternatively, the Court agrees with the State that it has satisfied the three-part equitable test for setting aside a default.

Accordingly, the Court grants Defendant's motion to set aside the entry of default.

SO ORDERED.


Dated:  December 3, 2012                    s/Mark A. Goldsmith
        Flint, Michigan                     MARK A. GOLDSMITH
                                            United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 3, 2012.

                                            s/Deborah J. Goltz
                                            DEBORAH J. GOLTZ
                                            Case Manager